NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000097
25-SEP-2012
09:39 AM**

NO. CAAP-11-0000097


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
GEOFFREY WOODHALL, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(3P7-10-00945)


SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Geoffrey Woodhall (**Woodhall**) appeals from the Notice of Entry of Judgment and/or Order filed on January 20, 2011 in the District Court of the Third Circuit, North and South Kona Division (**District Court**).[1/]

After a bench trial conducted on stipulated facts, Woodhall was found guilty of Promoting a Detrimental Drug in the Third Degree, in violation of Hawaii Revised Statutes (**HRS**) § 712-1249 (1993) (**Promoting Third**).

On appeal, Woodhall raises three points of error, including that:  (1) the District Court's January 20, 2011 (oral) factual findings are clearly erroneous because "there was insufficient evidence in the record to support that Woodhall was not transporting his marijuana for the purposes of alleviating his debilitating medical condition"; (2) the District Court erred

---

[1/]    The Honorable Joseph P. Florendo, Jr. presided.

in concluding that there was sufficient evidence to support the conviction of Promoting a Detrimental Drug in the Third Degree; and (3) in its Findings of Fact; Conclusions of Law; Judgment entered on March 17, 2011 (**FOF/COL**), the District Court erred in concluding that HRS § 329-122 does not permit the medical use of marijuana in any place open to the public. Although not raised as a point of error, Woodhall also argues that HRS §§ 712-1240.1(2) & 712-1249 are unconstitutionally vague with respect to the "legitimate and necessary" transportation of medical marijuana by qualifying medical marijuana patients.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties and *amicus curiae*, we resolve Woodhall's points of error as follows:

Under Hawai'i law, as set forth in HRS § 712-1249, it is illegal to knowingly possess marijuana:

> **§ 712-1249 Promoting a detrimental drug in the third degree.** (1) A person commits the offense of promoting a detrimental drug in the third degree if the person knowingly possesses any marijuana or any Schedule V substance in any amount.
>
> (2) Promoting a detrimental drug in the third degree is a petty misdemeanor.

Hawai'i law permits, however, the "medical use" of marijuana, as set forth in HRS § 329-122 (2010), which provides in relevant part:

> **§ 329-122 Medical use of marijuana; conditions of use.** (a) Notwithstanding any law to the contrary, the medical use of marijuana by a qualifying patient shall be permitted only if:
>
> > (1) The qualifying patient has been diagnosed by a physician as having a debilitating medical condition;
> >
> > (2) The qualifying patient's physician has certified in writing that, in the physician's professional opinion, the potential benefits of the medical use of marijuana would likely outweigh the health risks for the particular qualifying patient; and
> >
> > (3) The amount of marijuana does not exceed an adequate supply.
> >
> > . . . .

(c) The authorization for the medical use of marijuana in this section shall not apply to:

(1) The medical use of marijuana that endangers the health or well-being of another person;

(2) The medical use of marijuana:
(A) In a school bus, public bus, or any moving vehicle;
(B) In the workplace of one's employment;
(C) On any school grounds;
(D) At any public park, public beach, public recreation center, recreation or youth center; or
(E) Other place open to the public; and

(3) The use of marijuana by a qualifying patient, parent, or primary caregiver for purposes other than medical use permitted by this part.

"Medical use" is defined in HRS § 329-121 (2010) as:

[T]he acquisition, possession, cultivation, use, distribution, or transportation of marijuana or paraphernalia relating to the administration of marijuana to alleviate the symptoms or effects of a qualifying patient's debilitating medical condition. For the purposes of "medical use", the term distribution is limited to the transfer of marijuana and paraphernalia from the primary caregiver to the qualifying patient.

Woodhall's conviction was based on the following stipulated facts:

1. On [] March 8, 2010 in Kona, County and State of Hawaii[,] Geoffrey Woodhall knowingly possessed marijuana measuring 2.12 grams at the Kona International Airport. The marijuana was contained in a clear plastic baggie.
2. The Kona International Airport is a place open to the public.
3. The marijuana in Defendant's possession is marijuana as defined pursuant to Hawaii Revised Statute ("HRS") 329-1 and 712-1240.
4. Defendant possessed a valid medical marijuana certificate, Registration No. MJ14476, on March 8, 2010. []
5. Defendant possessed the medical marijuana to transport it through airport security at the Transportation Security Administration ("TSA") checkpoint. TSA employees discovered the medical marijuana in his possession. Defendant provided his valid medial marijuana certificate to TSA officials as well as Hawaii County Police Department officer David T. Matsushima.
6. Defendant was not smoking, inhaling, or ingesting the medical marijuana.
7. The Defendant has been informed that he has the right to have a trial. The Defendant has also been informed that at a trial he has the right to confront and cross examine the witnesses who

> testify. The Defendant hereby waives his right to a trial in this matter and agrees to have the question of his guilt or innocence determined by the Court alone based upon the above facts, exhibits and subsequent submissions of counsel. The Defendant also waives his right to cross examine the witnesses and agrees to submit the above facts, attached exhibits, and submissions of counsel without cross-examination.

Woodhall argues that, based on these stipulated facts, "there was insufficient evidence for the court to infer that Woodhall was not transporting his marijuana for the purposes of alleviating his debilitating medical condition." Woodhall is not entitled to relief on this ground.

"An affirmative defense requires the prosecution to prove each and every element of the charged crime beyond a reasonable doubt. The defendant claiming lack of penal responsibility has the burden of going forward with the evidence to prove facts constituting the defense and of proving such facts by a preponderance of the evidence." State v. Uyesugi, 100 Hawai'i 442, 456, 60 P.3d 843, 857 (2002).

Woodhall failed to carry his burden of proving, by a preponderance of the evidence, his affirmative defense of medical use as defined in HRS § 329-121. Woodhall states that, other than Stipulated Facts 3, 4, and 5, "no evidence was offered regarding Woodhall's underlying purpose for transporting his medical marijuana at the airport." Stipulated Facts 3, 4, and 5 do not specify that Woodhall was transporting marijuana to alleviate symptoms or the effects of a debilitating medical condition. None of the stipulated facts relate to Woodhall's purpose for possessing marijuana at the Kona Airport. The written certification does not create a presumption as to Woodhall's purpose for possessing marijuana at the Kona Airport. It is merely a statement "that in the physician's professional opinion, the qualifying patient has a debilitating medical condition and the potential benefits of the medical use of marijuana would likely outweigh the health risks for the qualifying patient." HRS § 329-121. The District Court did not

clearly err in its January 20, 2011 factual findings.

(2) Woodhall stipulated that "On [] March 8, 2010 in Kona, County and State of Hawaii[,] Geoffrey Woodhall knowingly possessed marijuana measuring 2.12 grams at the Kona International Airport." There was sufficient evidence to convict Woodhall of Promoting a Dangerous Drug in the Third Degree. See, e.g., State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

(3) On January 20, 2011, the District Court orally found Woodhall guilty and imposed a sentence. On that same day, the District Court filed a Notice of Entry of Judgment and/or Order which also stated Woodhall's sentence. The Notice of Entry of Judgment and/or Order constituted a final appealable judgment. See Rule 32 of the Hawaii Rules of Penal Procedure. On February 17, 2011, Woodhall filed a Notice of Appeal which stated that he appealed from the Notice of Entry of Judgment and/or Order filed on January 20, 2011.

"Judgments of conviction entered in the district courts may not be appealed unless they are final. Judgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.2d 95, 102 (App. 2005). The FOF/COL was not an amended final judgment because, *inter alia*, it did not include a sentence. Thus, the FOF/COL is merely a post-judgment document filed after the final appealable judgment was entered on January 20, 2011.

"The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." State v. Ontiveros, 82 Hawai'i 446, 448-49, 923 P.2d 388, 390-91 (1996) (citation omitted). "Jurisdiction over the appealed case is transferred from the trial court to the [appellate] court at the time the notice of appeal is filed." TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2 713, 735 (1999) (citation omitted). Neither the parties nor the District Court, in its FOF/COL, cite any statute, rule, or other authority

in its FOF/COL, cite any statute, rule, or other authority providing for the retention of jurisdiction after the filing of the Notice of Appeal in this case. Upon review, we find none.

Although the FOF/COL was dated "Nunc Pro Tunc, January 20, 2011," no motion, timely or otherwise, was filed seeking to amend the court's judgment; nor by its own terms did the FOF/COL seek to correct an oversight or inadvertent mistake in the January 20, 2011 judgment. See, e.g., Duponte v. Duponte, 53 Haw. 123, 126-27, 488 P.2d 537, 540 (1971). Thus, the District Court lacked jurisdiction to enter its FOF/COL on March 17, 2011. Therefore, this court cannot review and will not address points of error challenging the findings and/or conclusions set forth therein.

Woodhall's claim that HRS §§ 712-1240.1 & 712-1249 are unconstitutionally vague was not identified as a point of error, as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Woodhall has not identified where in the record on appeal an objection was raised or the manner in which the alleged constitutional defect was brought to the attention of the trial court. See HRAP Rule 28(b)(4)(ii) and (iii). There is nothing in the record that indicates Woodhall challenged the constitutionality of HRS §§ 712-1240.1(2) & 712-1249 in the court below. We decline to conclude that the District Court committed plain error when it failed to *sua sponte* declare that these statutory provisions are unconstitutionally vague and, therefore, this argument will be disregarded. See HRAP Rule 28(b)(4).

For these reasons, the District Court's January 20, 2011 Notice of Entry of Judgment and/or Order is affirmed.

DATED:  Honolulu, Hawai'i, September 25, 2012.

On the briefs:

Jason M. Kramberg,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Linda L. Walton,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Lois K. Perrin,
Daniel M. Gluck, and
Laura A. Temple,
for ACLU of Hawai'i Foundation.

Associate Judge